This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38606**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BRANDON PATINO-CHAVEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Defendant has appealed his convictions for possession of drug paraphernalia and unlawful carrying of a deadly weapon. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**    The relevant background information and principles of law have previously been set forth.  We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** With respect to his conviction for possession of drug paraphernalia, Defendant continues to argue that the State presented insufficient evidence of specific intent. [MIO 2-6] However, the officer's testimony that the glass and metal pipes found on Defendant's person are commonly used to smoke marijuana, methamphetamine, and/or other illicit drugs [DS 4; MIO 4] is sufficient to support a rational inference of specific intent consistent with that use. *See generally State v. Ochoa*, 2004-NMSC-023, ¶ 13, 135 N.M. 781, 93 P.3d 1286 ("An officer's experience and training, considered within the context of the incident, may permit the officer to identify drug paraphernalia[.]"); *State v. Barragan*, 2001-NMCA-086, ¶ 29, 131 N.M. 281, 34 P.3d 1157 ("An inference is permissible if the evidence necessary to invoke the inference (the evidence as a whole, including the basic fact or facts) is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt." (internal quotation marks and citation omitted); *Dull v. Tellez*, 1971-NMCA-133, ¶ 13, 83 N.M. 126, 489 P.2d 406 (explaining that a reasonable inference is a rational and logical deduction from facts established by the evidence, when such facts are viewed in the light of common knowledge or common experience). "The jury is entitled to rely upon rational inferences deducible from the evidence." *State v. Bell*, 1977-NMSC-013, ¶ 15, 90 N.M. 134, 560 P.2d 925 (citation omitted)). We therefore reject Defendant's assertion of error.

**{4}** With respect to his conviction for unlawful carrying of a deadly weapon, Defendant continues to assert that the evidence was insufficient.[MIO 6-7] However, the memorandum in opposition contains nothing new in the way of additional factual development or legal argument. We therefore adhere to our initial assessment.

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**